WIRT ADAMS, STATE REVENUE AGENT *v.* ILLINOIS CENTRAL
RAILROAD COMPANY.

[46 South., 50.]

PRIVILEGE TAXES. *Railroads. Code* 1906, § 3856. *Double track.*

> Code 1906, § 3856, imposing a privilege tax on railroads, does not
> warrant the collection of a greater tax on a double than on a
> single track road; the railroads are taxed without reference to
> the number of tracks upon a single right of way.

FROM the circuit court of, first district, Hinds county.
HON. WILEY H. POTTER, Judge.

Adams, state revenue agent, appellant, was plaintiff in the
court below, and the railroad company, appellee, defendant
there. From a judgment in defendant's favor plaintiff ap-
pealed to the supreme court.

The state revenue agent sued the railroad company for re-
covery of privilege taxes alleged to be due by the company on
the second of the two parallel railroad tracks, placed by the
company upon the same right of way, commonly called a double
track. The railroad company had paid privilege taxes at the rate
fixed per mile by the privilege tax law (Code 1906, § 3856)
and computed by· the mileage of its right of way, without refer-
ence ᵗto the second track. ˙ The revenue agent claimed privilege
taxes per mile on each of the two parallel tracks upon the right
of way, and that payment had been made on only one of them.

The opinion of the court sets forth the statute under which
privilege taxes are levied upon railroads.

*F. H. Lotterhos,* for appellant.

The legislature, in the enactment of Code 1906, § 3856, had
the authority to impose a privilege tax apportioned by consider·
ation of classification of the different railroads liable for the
tax. The power to tax occupations and privileges involves the

right to select the mode in which the tax shall be levied; and as a rule the manner in which a tax or license shall be apportioned rests entirely in the discretion of the body imposing it.   21 Am. & Eng. Encyc. of Law (2d ed.), 808.

In seeking the intention of the legislature as expressed by the statute, it is to be observed that the provision is not for a specific tax of a fixed amount, but is one proportioned to the extent of the operations of the appellee's railroad and the value of the privilege.   By the weight of authority these two kinds are of equal validity.   The statute imposes a tax on the privilege of operating a railroad in Mississippi, whether it be operated by an individual or by a corporation, and the amount of the tax is to be determined by the classification of the railroad in one of the four classes set forth in the statute; the classification of the railroad and the amount of mileage determining the sum to be paid to the state for the privilege of operating the road.

Obviously the word, "railroad," as used in the statute, means the track along which cars run and which may be measured by the mile, and not in the technical sense of a railroad system consisting of main track, spurs, turn-outs, and switches.

To say that the legislature intended a rule different from that of classifying each main track of a railroad system and using the mileage thereof for arriving at the total tax would lead to the strange construction of saying that a given railroad system, having a part of its tracks of a standard guage and a part of a narrow guage must be classified as a narrow guage road and be taxed accordingly; when surely the legislature intended that the total tax should be measured by the physical fact that a part of the railroad is narrow guage of a certain mileage and a part of it is standard guage of a certain class, for example, and that the total privilege for operation of that railroad system should be determined by the consideration of these several elements.

It would seem that the individuality of each main line of track, for the purpose of measuring the total privilege tax, was intended by the legislature, according to the language of this

court in *Railroad Companies* v. *Adams, Rev. Agt.,* 90 Miss., 559, 45 South., 91.

The fact that the two lines of track are parallel and on the same strip of right of way, and not more than ten feet apart, cannot affect the reason and spirit of the rule.

The whole statute, all of its parts together, must be looked to, in determining the intention of the legislature. *McIntyre* v. *Ingraham,* 35 Miss., 25; *Ellison* v. *Railroad Co.,* 36 Miss., 572; *State* v. *Knowles,* 90 Md., 654; *Wall* v. *Deaf, etc., Asylum,* 145 Cal., 468.

In the case of *Anniston* v. *Southern Ry. Co.,* 112 Ala., 557, 20 South., 915, the Alabama court held that it was just and within the grant of power from the legislature for the city of Anniston to impose upon each of the main lines of the appellee's railroad system, although operated by one company, a separate privilege tax; that it was a way of equalizing the burdens of taxation between this company and any other which might not be so fortunate as to operate more than one line. To the same general effect is the case of *Telephone Co.* v. *D'Alemberte,* 21 South., 570.

*Mayes & Longstreet,* for appellee.

The record shows that the two parallel lines of track do not constitute two separate railroads; but that the appellee constructed an additional track on the same right of way and about ten feet from the original track, thus double-tracking its line for a certain distance; that the two tracks are used indiscriminately in the passenger and freight traffic of the system, one track being ordinarily used for transportation northward and the other for transportation southward; and that from the common use of the two tracks the gross earnings of the railroad company are derived. It is undisputed that the appellee has paid, as privilege tax, the maximum sum which may be assessed per mile under the statute.

It is manifest that Code 1906, § 3856, did not contemplate

that each mile of trackage in the state, used by railroad companies, should be subjected to a separate and distinct privilege tax. Such taxes are paid for the privilege of doing a railroad business, and the statute is not susceptible of the construction contended for by learned counsel for appellant. If so, it would be consistent to argue that every spur track and switch used by appellee should be carefully measured, and a tax imposed on every mile of iron of the tracks and switches.

The cases cited by counsel for appellant are not applicable to the present case.

Argued orally by *Fred H. Lotterhos,* for appellant, and by *J. C. Longstreet,* for appellee.

CALHOON, J., delivered the opinion of the court.

The state revenue agent, in the discharge of his duty as such, raises the question for decision whether the state may tax, as mileage, a double track laid by appellee on part of its right of way to cover the miles of each of the tracks. This is the only question before us on this record. Authority for such tax must be found, if at all, in Code 1906, § 3856, or Ann. Code 1892, § 3379. Section 3856 of the Code of 1906 reads as follows:

"3856 (3379) *Railroads.*—Railroads are divided into four classes, first, second, third and narrow guage, and privilege taxes are levied on them as follows:

| | |
|---|---|
| On each railroad of first class, per mile............ | $22.50 |
| On second class, per mile...................... | 16.87½ |
| On third class, per mile...................... | 10.00 |
| On narrow guage, per mile.................... | 2.00 |
| On each railroad claiming exemption from state supervision, under maximum and minimum provisions in their charter, an additional privilege tax per mile of............................ | 10.00 |

On each refrigerator car, oil tank car,
   or stock car, doing business in this
   state and not owned or leased by
   any railroad company........................        2.00
   "And this tax on such refrigerator cars, oil tank cars, and
stock cars shall be in lieu of all state and county taxes.

"*Same.*—The railroad commission shall, annually, on or be-
fore the first Monday in August, classify the several railroads
according to their charter, exempting claim, and the gross earn-
ings of each, and the privilege taxes thereon shall be paid on or
before the first day of December, and the findings of the said
railroad commission shall be certified to the auditor of public
accounts and the chancery clerk of the county through which
each road or roads run."

It is the railroads which are taxed, not the iron rails, and
they (the railroads) are to be classified "according to their
charter, exempting claim, and the gross earning of each."  It is
immaterial how many tracks they lay along one right of way
for the needs of transportation or the safety of passengers and
security of freight.

                                          *Affirmed.*